IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALTON CANNON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 09-868-GMS |
| | ) | |
| STATE OF DELAWARE, et. al., | ) | |
| | ) | |
| Respondents. | ) | |

Alton Cannon. *Pro se* petitioner.

James T. Wakley, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Attorney for respondents.

**MEMORANDUM OPINION**

_Sept 22_, 2010
Wilmington, Delaware

SLEET, Chief Judge

## I. INTRODUCTION

Petitioner Alton Cannon filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("petition"). (D.I. 2.) For the reasons set forth below, the court will dismiss his petition.

## II. PROCEDURAL AND FACTUAL BACKGROUND

On May 5, 2009, in the Justice of the Peace Court, Cannon entered a plea of *nolo contendre* to the charge of consumption of alcohol on a public street. (D.I. 13.) The Justice of the Peace Court fined Cannon $165.00. On November 23, 2009, the Justice of the Peace Court found Cannon in civil contempt for failure to pay the fines imposed in May and sentenced him to four days of incarceration. *Id.*

On November 16, 2009, in anticipation of his hearing for contempt in the Justice of the Peace Court, Cannon filed a habeas petition prospectively challenging the Justice of the Peace Court's jurisdiction to incarcerate him. (D.I. 2.) On November 23, 2009, the Justice of the Peace Court found Cannon to be in contempt, and sentenced him to a four day sentence starting on November 25, 2009. (D.I. 13.) On November 23, 2009, Cannon filed in this court a motion to immediately enforce and execute his writ of habeas corpus, and then he filed an amended habeas petition in this court in February 2010. (D.I. 4; D.I. 7.) Thereafter, the State filed a motion to dismiss, asking the court to dismiss the petition for failure to assert a proper basis for relief, and alternatively, for lack of jurisdiction because the case is moot. (D.I. 13).

## III. DISCUSSION

In his petition, Cannon asserts that his rights were violated in numerous ways, but he does not ask to be released from custody. Rather, he requests money damages, which are not

1

available on habeas review. *Preiser v. Rodriguez*, 411 U.S. 475, 493 (1973). Accordingly, the court will dismiss the petition for failing to assert a proper basis for federal habeas relief.

Alternatively, to the extent Cannon's allegations can be interpreted as challenging his four-day sentence for civil contempt, the court will dismiss the petition for lack of subject matter jurisdiction. Pursuant to Article III, Section 2, of the United States Constitution, federal courts can only consider ongoing cases or controversies. *Lewis v. Continental Bank, Corp.*, 494 U.S. 472, 477-78 (1990); *United States v. Kissinger*, 309 F.3d 179, 180 (3d Cir. 2002)(finding that an actual controversy must exist during all stages of litigation). When a habeas petitioner challenges his underlying conviction, and he is released during the pendency of his habeas petition, federal courts presume that "a wrongful criminal conviction has continuing collateral consequences" sufficient to satisfy the injury requirement. *Spencer v. Kemna*, 523 U.S. 1, 8 (1998); *see Steele v. Blackman*, 236 F.3d 130, 134 n.4 (3d Cir. 2001). However, when a petitioner does not attack his conviction, the injury requirement is not presumed. *Chong v. District Director, INS*, 264 F.3d 378, 384 (3d Cir. 2001). "[O]nce a litigant is unconditionally released from criminal confinement, the litigant [can only satisfy the case-and-controversy requirement by] prov[ing] that he or she suffers a continuing injury from the collateral consequences attaching to the challenged act," *Kissinger*, 309 F.3d at 181, "that is likely to be redressed by a favorable judicial decision." *Spencer*, 523 U.S. at 7. Consequently, in the absence of continuing collateral consequences, a federal district court does not have jurisdiction to review moot habeas claims. *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)("mootness is a jurisdictional question"); *Chong*, 264 F.3d at 383-84.

The record reveals that Cannon was incarcerated from November 25, 2009 through

November 29, 2009, when he was released upon the expiration of his four-day sentence.[1] Cannon has not alleged, and the court cannot discern, any continuing collateral consequences stemming from the claims raised in his petition[2] that can be redressed by a favorable judicial decision in this federal habeas proceeding. *See Lane v. Williams*, 455 U.S. 624, 631, 633 (1982)("Since respondents elected only to attack their sentences, and since those sentences expired during the course of these proceedings, this case is moot; . . . [t]hrough the mere passage of time, respondents have obtained all the relief that they sought . . . no live controversy remains); *Harris v. Williams*, 2002 WL 1315453, at *2 (D. Del. June 14, 2002). By failing to demonstrate continuing collateral consequences, Cannon has failed to satisfy Article III's case-and-controversy requirement. *See Spencer*, 523 U.S. at 7; *Chong*, 264 F.3d at 383-84. Therefore, the court will alternatively dismiss the petition for lack of jurisdiction because it is moot.

## IV. PENDING MOTIONS

The State filed a motion for leave to file a motion to dismiss instead of filing an answer. (D.I. 13.) The State's motion is granted.

Cannon filed a motion to immediately enforce and execute his writ of habeas corpus. (D.I. 4.) As set forth above, the court has concluded that it must dismiss Cannon's habeas

---

[1] According to 28 U.S.C. § 2254, a petitioner must be "in custody" when he files a habeas petition. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Although it does not appear that Cannon has satisfied the "in custody" requirement of § 2254 because he was not incarcerated when he filed any of his three habeas requests ((November 16, 2009; November 23, 2009; February 4, 2010), the court will deny the petition for the reasons identified by the State.

[2] The court views all three of Cannon's filings (November 16, 2009; November 23, 2009; February 4, 2010) as one "petition."

3

petition. Accordingly, Cannon's motion is denied.

## V. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2008). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find the following debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The court concludes that Cannon's petition does not warrant federal habeas relief. Consequently, Cannon has failed to make a substantial showing of the denial of a constitutional right, and the court declines to issue a certificate of appealability.

## VI. CONCLUSION

For the foregoing reasons, the court will dismiss Cannon's petition. The court also finds no basis for the issuance of a certificate of appealability. An appropriate order will follow.